UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NICK FLAMMIA,

                              PLAINTIFF,

          -AGAINST-

PT METRICS, LLC, PERFECT PUSHUP, LLC AND
BODYREV, LLC

                         DEFENDANT'S

----------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 20 2009 ★

BROOKLYN OFFICE
VERIFIED COMPLAINT
Index No.:

**09      2140**

AMON, J.

     Plaintiff, by their attorneys, MALLILO & GROSSMAN, ESQS, complaining of the defendants herein, respectfully show to the Court and allege:

          AS AND FOR A FIRST CAUSE OF ACTION VS DEFENDANTS

     1.   This court has jurisdiction over this action pursuant to 28 U.S.C. (A) 1332 since the plaintiff herein is a resident of this jurisdiction and the amount in controversy exceeds the sum of $75,000.00 exclusive of  interest and costs.

     2. Venue is proper pursuant to 28 U.S.C. 1332 (a) because the plaintiff resides in the jurisdiction.

     3. That this plaintiff Nick Flammia was and is still a resident of the County of Queens, State of New York.

     4. That these defendants were and still are Residents of the State of California.

5.    That at all times herein mentioned the defendant PT METRICS, LLC., was and still is a foreign corporation, duly authorized to do business in the State of New York.

6.    That at all times herein mentioned the defendant PERFECT PUSHUP LLC, was and still is a foreign corporation, duly authorized to do business in the State of New York.

7.    That at all times herein mentioned the defendant BODYREV LLC., was and still is a foreign corporation, duly authorized to do business in the State of New York.

8.    The defendant, BODYREV LLC, committed a tortious act within the State of New York.

9.    The defendant, PT METRICS, LLC, committed a tortious act within the State of New York.

10. The defendant, PEREFECT PUSHUPS, LLC, committed a tortious act within the State of New York.

11. That defendant, PT METRICS, LLC regularly does or solicits business in the State of New York.

12. That defendant, PERFECT PUSHUP, LLC ., regularly does or solicits business in the State of New York.

13.    That defendant, BODYREV, LLC., regularly does or solicits business in the State of New York.

14.    That defendant, PT METRICS, LLC received

2

substantial revenue from goods used or consumed or service rendered in the State of New York.

15. That defendant, PERFECT PUSHUP, LLC received substantial revenue from goods used or consumed or service rendered in the State of New York.

16. That defendant, BODYREV, LLC received substantial revenue from goods used or consumed or service rendered in the State of New York.

17. That at all times herein mentioned the defendant, PT METRICS, LLC were in the business of selling, manufacturing and distributing fitness systems and equipment for the purpose of sale and use to the general public.

18. That at all times herein mentioned the defendant, PERFECT PUSHUP, LLC, were in the business of selling, manufacturing and distributing fitness systems and equipment for the purpose of sale and use to the general public.

19. That at all times herein mentioned the defendant, BODYREV, LLC were in the business of selling, manufacturing and distributing fitness systems and equipment for the purpose of sale and use to the general public.

3

20.   That at all times herein mentioned the defendant, PT METRICS, LLC, was in the business of selling, manufacturing and distributing Fitness systems and equipment for the purpose of sale and use to businesses.

21.   That at all times herein mentioned the defendant, PERFECT PUSHUP, LLC, was in the business of selling, manufacturing and distributing  Fitness systems and equipment for the purpose of sale and use to businesses.

22.   That at all times herein mentioned the defendant, BODYREV, LLC, was in the business of selling, manufacturing and distributing  Fitness systems and equipment for The purpose of sale and use to businesses.

23.   That the defendant, PT METRICS, LLC had manufactured, produced and distributed a certain product, a Fitness system and equipment  called the BODYREV.

24.   That the defendant, PERFECT PUSHUP, LLC, had manufactured, produced and distributed a certain product, a Fitness system and equipment called the  BODYREV.

25.   That the defendant, BODYREV, LLC had manufactured, produced and distributed a certain product, a Fitness system and equipment called THE BODY REV.

4

26. That at all times herein mentioned and prior to December 28, 2008, the defendant, PT METRICS, LLC manufactured, sold, distributed and delivered to various retailers the said product.

27. That at all times herein mentioned and prior to December 28, 2008, the defendant, PERFECT PUSHUP, LLC, manufactured, sold, distributed and delivered to various retailers the said product.

28. That at all times herein mentioned and prior to December 28, 2008, the defendant, BODYREV, LLC, manufactured, sold, distributed and delivered to various retailers the said product.

29. That on December 28, 2008, plaintiff Nick Flammia used the said product of defendant, PT METRICS, LLC warranted said product under UCC section 2-315 that it was fit for the purpose for which it was intended.

30. That on December 28, 2008, plaintiff Nick Flammia used the said product of defendant, PERFECT PUSHUP, LLC warranted said product under UCC section 2-315 that it was fit for the purpose for which it was intended.

31. That on December 28, 2008 plaintiff Nick Flammia used the said product of defendant, BODYREV, LLC warranted said

product under UCC section 2-315 that it was fit for the purpose for which it was intended.

32.     That the defendant, PT METRICS, LLC warranted under UCC 2-314 that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

33.     That the defendant, PERFECT PUSHUP, LLC, warranted under UCC 2-314 that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe, and proper to use.

34.     That the defendant, BODYREV, LLC, warranted under UCC 2-314 that said product was safe to use in every respect, and  had been manufactured safely and warranted that it was good, safe and proper to use.

35. That the defendant, PT METRICS, LLC., impliedly warranted under UCC section 2-313 that the said product was of merchantable quality and was safe for use.

36. That the defendant, PERFECT PUSHUP LLC., impliedly warranted under UCC section 2-313 that the said product was of merchantable quality and was safe for use.

37. That the defendant, BODYREV LLC., impliedly warranted under UCC section 2-313 that the said product was of

6

merchantable quality and was safe for use.

38.   That relying upon said warranties, plaintiff NICK FLAMMIA proceeded to use the said product in accordance with its intended use.

39.   That defendant, PT METRICS LLC., under UCC 2-314 warranted and labeled its product and provided certain written instructions in connection with the use of the product.

40.   That defendant, PERFECT PUSHUP, LLC under UCC 2-314 warranted and labeled its product and provided certain written instructions  in connection with the use of the product.

41.   That defendant, BODYREV, LLC., under UCC 2-314 warranted and labeled its product and provided certain written instructions  in connection with the use of the product.

42.   That on December 28, 2008 the plaintiff, NICK FLAMMIA while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

43.   That the aforesaid accident was caused solely and wholly by reason that defendant,  PT METRICS, LLC breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied according to the UCC.

7

44   That the aforesaid accident was caused solely and wholly by reason that defendant, PERFECT PUSHUP, LLC breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied according to the UCC.

45   That the aforesaid accident was caused solely and wholly by reason that defendant, BODYREV, LLC breached its warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied according to the UCC.

46.   That solely by reason of the aforesaid accident the plaintiff, NICK FLAMMIA   became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered nervous shock and severe and permanent injuries to various parts of body; suffered nervous shock and injury to nerves and nervous system, and suffered great conscious pain and suffering, all to plaintiff's damage in a amount of $2,000,000.00

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION VS PT METRICS, LLC, PERFECT PUSHUP, LLC, BODYREV, LLC

47.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs from "1" through "46", with the same force and effect as those set forth herein and at

length.

48.   That the said product was defective and that said defect was a substantial factor in causing the injury to the plaintiff.

49.   That on December 28, 2008 plaintiff, NICK FLAMMIA  was performing a  fitness work out at the above-mentioned premises using the product for the purpose and use normally intended.

50.   That on December 28 2008, while plaintiff NICK FLAMMIA was working out at the above-mentioned premises using the said product, causing plaintiff to suffer severe bodily injuries.

51.   That by reason of the foregoing, the defendant, PT METRICS, LLC Manufacturing its  agents, licensees and/or employees are liable to plaintiff for strict liability and tort, and/or strict products liability.

52.   That by reason of the foregoing, the defendant, PERFECT PUSHUP LLC its  agents, licensees and/or employees are liable to plaintiff for strict liability and tort, and/or strict products liability.

53.   That by reason of the foregoing, the defendant, BODYREV, LLC its  agents, licensees and/or employees are liable to plaintiff for strict liability and tort, and/or strict products

liability.

54.   That by reason of the foregoing, plaintiff   has been damaged in a  amount of $2,000,000.00.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION VS   PT METRICS, LLC PERFECT PUSHUP, LLC, BODYREV, LLC

55.   Plaintiff  repeats  and  realleges  each  and  every allegation contained in Paragraphs "1" through "54", with the same force and effect as those set forth herein fully and at length.

56.   That plaintiff NICK FLAMMIA  was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendants' agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used

10

by the general public; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in failing to provide a safe product, and causing, creating and allowing a defective, improper and poorly labeled product by improperly giving instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designing labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

57. That by reason of the foregoing, plaintiff, NICK FLAMMIA has been damaged in a  amount of $2,000,000.00.

WHEREFORE, plaintiff NICK FLAMMIA demands judgment against the defendant  in the first cause of action in a  amount of $2,000,000.00 and on the second cause of action the in a amount of $2,000,000.00  and on the third cause of action in a amount of $2,000,000.00 together with the costs and disbursements of this action.

Dated:    Flushing, New York

          April 23, 2009

                              Yours, etc.

                              MALLILO & GROSSMAN, ESQS.
                              Attorneys for Plaintiff(s)
                              163-09 Northern Boulevard
                              Flushing, New York  11358
                              718-461-6633

12

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF QUEENS  )


    I, NICK FLAMMIA,BEING DULY

SWORN DEPOSES AND SAYS:

    THAT I AM THE PLAINTIFF IN THE WITHIN ACTION.

    THAT  I  HAVE  READ  THE  FOREGOING  COMPLAINT  AND  KNOW  THE

CONTENTS THEREOF; THE SAME IS TRUE AND TO MY OWN KNOWLEDGE, EXCEPT

AS TO THE MATTERS HEREIN STATED TO AS ALLEGED ON INFORMATION AND

BELIEF, AND AS TO THOSE MATTERS I BELIEVE IT TO BE TRUE.


                                    NICK FLAMMIA

SWORN TO BEFORE ME THIS
23 DAY OF April , 2009


         STEVEN SIMON
NOTARY PUBLIC, STATE OF NEW YORK
      NO. 01SI5043884
   QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MAY 15, 20 11

Index No.
UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF
NEW YORK

NICK FLAMMIA

                              Plaintiff(s),

          -against-

PT METRICS, LLC PERFECT PUSHUP LLC AND BODYREV LLC

                              Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

## MALLILO & GROSSMAN, ESQS.

*Attorneys for Plaintiff(s)*
**163-09 Northern Boulevard**
**Flushing, New York 11358**
## 718-461-6633
## Fax: (718) 461-1062

Pursuant to 22 NYCRR 130-1.1A, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____      Signature _____
                                          ANTHONY MALLILO ESQ

TO: